## KAUFFMAN et v CORNELL

Ohio Appeals, 9th Dist, Wayne Co

No. 855. Decided October 17, 1929

Messrs. Weygant and Ross, Wooster, for Kauffman et.

Messrs. L. D. Cornell, Shreve, and H. R. Smith, Wooster, for Cornell.

**FUNK, PJ.**

The principal issue in this case is whether or not, under all the facts and circumstances as shown by the evidence, defendant had the right to rescind his contract with plaintiffs and have the amounts paid by him, refunded to him by the plaintiffs. The burden is, of course, on the defendant to show the claimed false and fraudulent representations as to said roof by a preponderance of the evidence.

Under the evidence in this case, we are clearly of the opinion that defendant has failed to sustain this burden and that even if there was any misrepresentation on the part of plaintiffs or their agent, concerning the roof on the building on the premises in question, defendant remained in possession and kept on paying without protest long after he ·discovered the roof leaked and thereby slept on his rights, and by reason of such laches on his part, he was not entitled to rescind said contract at the late date he sought to do so. In fact, the testimony of defendant is to the. effect that the roof did not leak at the time he took possession of the property, and that there was no material leaking of the roof until about a year after the contract had been made. We therefore find no merit in this contention.

As to the claim that defendant did not have a proper deed, it is a well understood proposition of law that an owner of real estate may sell the same and put the purchaser in possession without giving a deed at all, and that the purchaser can then be as much the owner of the property as if he had a properly executed deed for it; so that the mere executing and delivering of a deed is not essential for conveying good title. A written deed, properly executed, delivered and recorded, is only for the purpose of making a record title, so that it may be more readily known who is the owner and so the title may be mere easily traced and the owner of it ascertained from the record.

As the record clearly discloses that the deed in question, which defendant claims was not properly executed because the notary did not sign the acknowledgement thereon, was in fact duly signed, witnessed and acknowledged before U. S. Saunders, who was at the time a notary public, and everything pertaining to the execution and delivery of the deed was done except the mere signature of said Saunders as a notary public to the certificate of acknowl-

edgement, we are of the opinion that the original deed, which is attached to the record as defendant's exhibit 2, could and should be detached from the record by the plaintiffs and presented to said U. S. Saunders, who is yet living, for his signature as notary public to the certificate of acknowledgement, thereby completing what was actually done on Oct. 28, 1925, and leaving the dates stand in the deed and the certificate of acknowledegment just as they are; that the deed should then be delivered to the defendant, and that he should then attach to said deed the revenue stamps for which he received the money at the time the deed was delivered to him, and file said deed for record.

We therefore find no merit in the claim of the defendant that he did not have a proper deed, and find, on the issues joined, for the plaintiffs and against the defendant, and that the cross-petition of the defendant should be dismissed and judgment entered for plaintiffs on their petition, similar to the judgment entered in the court below, and the cause remanded to the Common Pleas Court to carry this judgment into effect.

Pardee, J, and Washburn, J, concur.